[Cite as *Ramirez v. Mansfield Correctional Inst.*, 2010-Ohio-6610.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MOISES RAMIREZ

     Plaintiff

     v.

MANSFIELD CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2010-01191-AD

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

DECISION

{¶ 1} On June 29, 2010, defendant filed two combined motions: a motion for summary judgment pursuant to Civ.R. 56(B) and a motion to transfer plaintiff's property claim to the administrative docket. Plaintiff's October 25, 2010, motion for leave to file a response is GRANTED instanter. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that on October 11, 2009, corrections officers (COs) employed by defendant placed him in handcuffs and secured his personal property in defendant's vault. Plaintiff asserts that he remained in handcuffs for three hours, causing injury to his wrists, and that during that time his property, including a stereo and a fan, was stolen from the vault.[1] Defendant argues that plaintiff's institutional record reflects that he was not placed in handcuffs on October 11, 2009, but that he was placed in handcuffs on August 11, 2009. Defendant asserts that its employees acted appropriately when they placed plaintiff in handcuffs on that day and that plaintiff was not injured as a result. Defendant further argues that plaintiff's property claim is for an amount not greater than $2,500 and should therefore be transferred to the administrative docket.

{¶ 5} The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶ 6} "(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶ 7} "(a) Self-defense from physical attack or threat of physical harm;

{¶ 8} "(b) Defense of another from physical attack or threat of physical attack;

{¶ 9} "(c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶ 10} "(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

---

[1]Plaintiff's medical claim and his civil rights claim based upon "cruel and unusual punishment" were dismissed by the court on March 16, 2010.

{¶ 11} "(e) Prevention of an escape or apprehension of an escapee; or

{¶ 12} "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶ 13} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously, 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶ 14} In support of its motion, defendant filed the affidavits of CO Shaffer and S. Berry. Shaffer states as follows:

{¶ 15} "1. I am currently employed by the Ohio Department of Rehabilitation and Correction (DRC) as a [CO] at [defendant].

{¶ 16} "2. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.

{¶ 17} "3. [Plaintiff] was incarcerated at [defendant] on August 11, 2009 and October 11, 2009.

{¶ 18} "4. I did not place handcuffs on [plaintiff] on October 11, 2009. However, I did place handcuffs on [plaintiff] on August 11, 2009, after he refused my direct order.

{¶ 19} "5. On August 11, 2009, [plaintiff] refused my direct order to lock into his cell for the 11:00 a.m. count. After [plaintiff] refused to lock into his cell for count, I placed him in handcuffs and locked him in the dayroom until the 11:00 a.m. count was cleared, and then [plaintiff] was escorted to security control. [Plaintiff] was placed in handcuffs for approximately 180 minutes and the handcuffs were properly applied pursuant to [defendant's] and DRC policies, rules, regulations and procedures.

{¶ 20} "6. On August 11, 2009, I personally secured [plaintiff's] property in the Officer's office. I later unlocked the Officer's office and returned [plaintiff's] property to him. [Plaintiff] then left the area with his property. However, the property in question did not include a radio.

**{¶ 21}** "7.   Regarding the August 11, 2009, incident, I handcuffed [plaintiff].   I did not use inappropriate or excessive force against [plaintiff].

**{¶ 22}** "8.   Regarding the August 11, 2009 incident, I properly followed all DRC and [defendant's] policies, rules, regulations and procedures regarding use of force, including handcuffing inmate[s], and inmate property.

**{¶ 23}** "9.   Regarding the August 11, 2009 incident, I completed a conduct report for [plaintiff].   A true and accurate copy of the Conduct Report regarding this incident is attached to this affidavit as Exhibit A-1.   My Conduct Report was made in good faith and in furtherance of my duties to maintain safety and security at [defendant]. My Conduct Report contains my true and accurate description of the events that occurred on August 11, 2009."

**{¶ 24}** Also attached to Shaffer's affidavit are the relevant policies pertaining to inmate property and the use of force against inmates.

**{¶ 25}** Berry states in her affidavit:

**{¶ 26}** "1.   I am currently employed by [DRC] as the Inspector at [defendant].

**{¶ 27}** "2.   I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.

**{¶ 28}** "3.   [Plaintiff] was incarcerated at [defendant] on August 11, 2009 and October 11, 2009.

**{¶ 29}** "4.   I have personally inspected and reviewed the inmate files of [plaintiff], which relate to the incidents alleged in the complaint.

**{¶ 30}** "5.   On or about September 21, 2009, I received a Notification of Grievance from [plaintiff] regarding the loss of his radio and fan on August 11, 2009.   I conducted an investigation of [the] incident and issued a Disposition of Grievance on October 5, 2009, wherein I denied [plaintiff's] grievance due to insufficient evidence to support his allegations [that] the institution was responsible for any loss of his radio or fan.   The Chief Inspector subsequently affirmed my Disposition of Grievance.

**{¶ 31}** "6.   Regarding the use of force incident in question, [plaintiff] was never placed in handcuffs on October 11, 2009. * * *

**{¶ 32}** "7.   However, [plaintiff's] prison file does contain documentation indicating that he was handcuffed and confined in the dayroom from approximately

10:45 a.m. until approximately 1:45 p.m. on August 11, 2009 for refusing to obey a direct order from Officer Shaffer to lock into his cell for the 11:00 a.m. count. [Plaintiff's] prison file also indicates that on August 13, 2009 before a hearing officer, [plaintiff] pled guilty to violating Rule 21 for disobeying Officer Shaffer's August 11, 2009 direct order to lock into his cell for count. Further, [plaintiff's] file indicates that he claimed that on August 11, 2009 his radio and fan were lost.

{¶ 33} "8. [Plaintiff] did not inform prison staff members he was injured on August 11, 2009 or October 11, 2009. There were no healthcare service requests, incident reports, conduct reports, medical reports, informal complaint resolutions, notifications of grievances, kites or any other documentation indicating any injury occurring on August 11, 2009, or October 11, 2009. Instead, in his October 15, 2009 appeal to the Chief Inspector, [plaintiff] wrote that when he was in the office on August 11, 2009 he could not use his arms or hands as a result of being handcuffed for about three hours.

{¶ 34} "9. Regarding this loss of property claim, [plaintiff] never provided any receipts or proofs of value for a fan or radio he claims was lost. Further, pursuant to DRC Policy 61-PRP-01, the maximum value of a radio an inmate may possess is $75.00 and this value limit has been consistent since 1987."

{¶ 35} Authenticated copies of relevant policies regarding inmate property and the use-of-force, a Hearing Officer's Report from August 13, 2009, Shaffer's August 11, 2009 Conduct Report, and an October 5, 2009 Disposition of Plaintiff's Grievance are attached as exhibits to Berry's affidavit.

{¶ 36} Although plaintiff attached numerous unauthenticated documents to his response to defendant's motion, he did not provide any affidavit testimony to dispute that which was provided by defendant. Based upon the undisputed affidavit testimony provided by defendant, the court finds that Shaffer did not use excessive force when he placed plaintiff in handcuffs after plaintiff refused a direct order. Moreover, plaintiff failed to provide the court with evidence that he suffered any injury as a result of the incident. Accordingly, the court finds that defendant is entitled to summary judgment on plaintiff's claims regarding his placement in handcuffs on August 11, 2009.

**{¶ 37}** With regard to plaintiff's claim regarding the loss of his property, R.C. 2743.10 provides, in pertinent part, that "[c]ivil actions against the state for two thousand five hundred dollars or less shall be determined administratively by the clerk of the court of claims."

**{¶ 38}** In his complaint, plaintiff acknowledged that his "Panasonic Stereo" and "Jr. Fan" were worth only $500.  Inasmuch as plaintiff's remaining claim for property loss does not exceed $2,500, such claim will be transferred to the administrative docket.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MOISES RAMIREZ

 Plaintiff

 v.

MANSFIELD CORRECTIONAL INSTITUTION

 Defendant
 Case No. 2010-01191-AD

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

A non-oral hearing was conducted in this case upon defendant's combined motion for summary judgment and motion to transfer plaintiff's property claim to the administrative docket.  For the reasons set forth in the decision filed concurrently herewith, defendant's motion is GRANTED.  Judgment is rendered in favor of defendant

on plaintiff's claims regarding his placement in handcuffs. Plaintiff's property claim is TRANSFERRED to the administrative docket where it shall be processed pursuant to R.C. 2743.10(A).

_____
CLARK B. WEAVER SR.
Judge

cc:

Amy S. Brown                                    Moises Ramirez, #288-156
Assistant Attorney General          Allen Correctional Institution
150 East Gay Street, 18th Floor    P.O. Box 4501
Columbus, Ohio 43215-3130         Lima, Ohio 45802


MR/cmd
Filed December 16, 2010
To S.C. reporter January 4, 2011